UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MARK ZURALES, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | )    No. 10-2703-STA-tmp |
| | ) |
| MARVAL & ASSOCIATES, LLC, | ) |
| | ) |
|       Defendant. | ) |

_____

ORDER OF DISMISSAL
_____

On September 28, 2010, Plaintiff Mark Zurales filed a Verified Complaint (D.E. # 1) against Defendant Marval & Associates, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). The record indicates that summons was issued the following day. More than 120 days passed after the filing of Plaintiff's Verified Complaint without any proof of service on Defendant. As a result, on February 3, 2011, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to effect service within 120 days pursuant to Rule 4(m) or otherwise for failure to prosecute under Rule 41(b).

In response to the Court's Show Cause Order, Plaintiff explained that he had prepared and mailed to Defendant a request for waiver of service on October 1, 2010. Pl.'s Resp, ex. 1. In a certified letter, Plaintiff gave Defendant 30 days, that is until October 31, 2010, in which to return the waiver of service. *Id.* According to Plaintiff, Defendant never returned Plaintiff's request for waiver of service. Plaintiff now seeks a 90-day extension of the service deadline to hire a process server and effect service of process.

Federal Rule of Civil Procedure Rule 4(m) governs the length of time permitted for service of process and states in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -on motion or its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant or order that service of process be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

Plaintiff bears the burden of establishing good cause for failure to adhere to the 120-day deadline for service.[2] In the absence of a showing of good cause, failure to timely serve a defendant mandates dismissal.[3] Inadvertence or half-hearted efforts to serve do not constitute good cause.[4] "Failure to disclose any effort, even a minimal one, to effect timely service makes for an insufficient showing of good cause."[5] Likewise, a plaintiff who fails to take "the simple step of requesting an extension of time from the court" cannot show good cause for not serving the complaint within 120 days.[6]

In the case at bar, Plaintiff filed his Complaint on September 28, 2010, giving Plaintiff until January 27, 2011 to serve Defendant with the Complaint. Plaintiff does not dispute that he failed to serve Defendant by that deadline. Rather, Plaintiff states that he sought a waiver of

---

[1] Fed. R. Civ. P. 4(m).

[2] *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520-21(6th Cir. 2006).

[3] *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

[4] *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

[5] *Brogdon v. U.S. Dept. of Agriculture*, No. 06-2314, 2006 WL 3246037, at *1 (W.D. Tenn. Nov. 7, 2006) (citing *Bush v. City of Zeeland,* 74 F.App'x 581, 583 (6th Cir. 2003), *cert. denied,* 541 U.S. 1072, 124 S.Ct. 2415, 158 L.Ed.2d 982 (2004)).

[6] *Nafzinger*, 467 F.3d at 522.

service from Defendant in October 2010 and gave Defendant until October 31, 2010, to return the waiver of service to Plaintiff.  Otherwise, Plaintiff does not explain why he failed to act to serve Defendant personally or seek an extension of the service deadline prior its expiration.  In short, Plaintiff took no further action to serve Defendant between October 31, 2010 and January 27, 2011, a period of almost three months.  Therefore, the Court finds that Plaintiff has not shown good cause for his failure to serve Defendant within 120 days of the filing of his Complaint.

Having found no good cause to excuse Plaintiff's failure to serve Defendant within 120 days of filing his Complaint, this matter is dismissed without prejudice.

**IT IS SO ORDERED**.

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                           Date:   February 9, 2011.